MARY RYAN *v*. REUBEN S. BARRETT.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 28, 1933.

*Novak & Bloomer* for the plaintiff.

*James P. Leamy* and *Vernon J. Loveland* for the defendant.

GRAHAM, J.   This is an action of tort arising out of an automobile collision at Pittsford Mills, this State, in June, 1930.

A trial by jury was begun before the Rutland city court. During the direct examination of the plaintiff, the following questions were asked and answers given: "Q. What did you do immediately after the accident or collision? A. I got out of the car and talked to Mr. Barrett. Q. What did you say to him? A. I asked him how he happened to run into me. Q. What did he say to that? A. He said he was sorry but he didn't see me coming because he was dodging a car from Proctor, but to get my car fixed and his Insurance Company would pay the damage as he was to blame."

██ ██ The defendant immediately moved for a mistrial on the ground that it was prejudicial error for the plaintiff to bring into the case the fact that the defendant was insured. The motion was granted, and the plaintiff was allowed an exception to the granting of the motion both as a matter of law and as a matter of discretion. The bill of exceptions states, "Exceptions allowed, * * * execution stayed and cause passed to the Supreme Court."

We will assume, nothing appearing to the contrary, that the trial court acted under G. L. 2262, and in its discretion passed the exception to this Court for determination before final judgment. In that view of the matter, the question is before us for decision. *Hannah* v. *Hannah*, 96 Vt. 469, 472, 120 Atl. 886.

██ The rule is clear and generally understood that it constitutes reversible error to inject into a case the fact that an insurance company is defending the suit. *Ronan* v. *J. G. Turnbull Co.*, 99 Vt. 280, 290, 131 Atl. 788, and cases cited; *MacDonald* v. *Orton*, 99 Vt. 425, 431, 134 Atl. 599; *Landry* v. *Hubert*, 100 Vt. 268, 277, 137 Atl. 97. While this rule has its exceptions and limitations (*Raymond's Admx.* v. *Rut. Ry. Light & Pr. Co.*, 90 Vt. 373, 377, 378, 98 Atl. 909; *Spinney's Admx.* v. *O. V. Hooker & Son*, 92 Vt. 146, 150, 102 Atl. 53; *Cady, Admr.* v. *Lang*, 95 Vt. 287, 289, 115 Atl. 140; *McAndrews* v. *Leonard*, 99 Vt. 512, 518, 134 Atl. 710; Note 56 A. L. R. 1418, 1432; Note 74 A. L. R. 849, 854), yet the exceptions and limitations are never to be used as an artifice to bring before the jury the poisonous fact of insurance. See *Brooke* v. *Croson*, 61 App. D. C. 159, 58 Fed. (2d) 885. In such circumstances the good faith of the party and his counsel is the guiding principle. *Raymond's Admx.* v. *Rut. Ry. Light & Pr. Co.*, *supra*; *Spinney's Admx.* v. *O. V. Hooker & Son*, *supra*. The motion was ad-

dressed to the discretion of the trial court, and, except for abuse, its discretion is not reviewable. The motion challenges the good faith of the plaintiff in bringing before the jury the idea that an insurance company was to bear the loss. Plaintiff's counsel admits that he knew when the question was asked what the answer would be. It is fairly inferable from the record that the trial court found the existence of bad faith in instilling into the minds of the jury the matter of insurance. It is our duty to indulge this presumption in support of the ruling below. *Rutland Sash & Door Co.* v. *Gleason,* 98 Vt. 215, 225, 126 Atl. 577. The plaintiff had the full benefit of a direct and unqualified admission of liability without the objectionable and prejudicial suggestion; in fact, it was necessary to omit it to keep the answer responsive to the question. When a party deliberately attempts to arouse the prejudice of the jury by circumventing a salutary rule of law, he cannot complain if the trial court upon proper application penalizes him by the direction of a mistrial.

*Affirmed, and remanded for trial on the merits.*