MARION G. BLISS *v.* CASSAN E. MOORE & CLARENCE R. STOUGHTON.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

186

*Edward G. McClallen, Jr.*, and *Lindley S. Squires* for plaintiff.

*Asa S. Bloomer* for defendants.

JEFFORDS, J. The plaintiff's home and the personal property therein were destroyed by fire. She brought this action against the defendants on the claim that the fire was caused by the negligence of their servant while engaged in attempting to repair a water pump located in a shed attached to the house. During the trial certain evidence was put in by the defendants over the objections and exceptions of the plaintiff. The rulings of the court as to the admissibility of this evidence present the only questions here for review.

During the cross examination of the plaintiff the following questions were asked and answers given: "Q. Now Miss Bliss, some time in February of 1940 were you at Mr. McShane's house? A. Yes, that is I am staying there, yes. Q. Yes, you were there, is that right? A. Yes. Q. And during that month Mr. Moore came to see you, did he? A. Yes. Q. He spoke to you about some action that had been brought against Mr. Moore and others? A. Yes. Q. In substance he said to you on that occasion 'I came up to ask you if you were bringing this action against us' is that about what he said? A. About. Q. And you answered, 'No, I have nothing to do with it,' is that right? A. Practically, approximately that way. Q. 'It is the insurance company,' is that right? A. Yes. Q. 'I wish I could wash my hands of the whole affair?' A. I don't remember that, no, no."

At this point counsel for the plaintiff interposed an objection on the ground that this conversation was inadmissible on any issue in the case and was being brought in for the improper and inadmissible purpose of showing that some one other than the plaintiff was bringing the suit.

There was some discussion of the point and the court ruled that the evidence was admissible, apparently from its remarks in making the ruling treating the exception as timely.

■■ The plain inference to be drawn from this testimony is that an insurance company was obliged to pay the plaintiff on account of the loss occasioned by the fire and it is bringing this suit in her name alone. Inasmuch as fire policies are contracts of indemnity this was the proper procedure to follow. *Cushman & Rankin Co.* v. *Boston & Maine Railroad,* 82 Vt. 390, 73 Atl. 1073, 18 Ann. Cas. 708; *Harding* v. *Town of Townshend,* 43 Vt. 536, 5 Am. Rep. 304; *Ide* v. *Boston & Maine Railroad,* 83 Vt. 66, 86, 74 Atl. 401; *Brown* v. *Vt. Mutual Fire Ins. Co.,* 83 Vt. 161, 74 Atl. 1061, 29 L. R. A. (N. S.) 698. It was immaterial and irrelevant to any issue in the case that the plaintiff had been indemnified in whole or in part for her loss by some third party. *Northeastern Nash Auto Co., Inc.* v. *Bartlett,* 100 Vt. 246, 258, 136 Atl. 697. See, also, cases cited *supra.*

■ We have held repeatedly that it constitutes reversible error to needlessly bring to the attention of the jury the fact that an insurance company is defending a case. *Hutchinson* v. *Knowles,* 108 Vt. 195, 200, 184 Atl. 705; *Ryan* v. *Barrett,* 105 Vt.

188

21, 162 Atl. 793 and cases cited therein. There is no good reason why the same holding should not be made when, as here, insurance by the plaintiff is needlessly injected for consideration by the jury. The same result is evidently intended in each instance, i.e., to prejudice the jury and influence their verdict against the insured party.

■ The defendants attempt to justify the ruling of the court on the ground that the statements made by the plaintiff including the reference to the insurance company show inconsistent positions taken by the plaintiff in respect to her claimed right of recovery. But there was no such inconsistency on her part for it is evident she was merely stating then the position now apparently taken by her, that of a nominal party to the action.

■ The situation is not changed because this evidence came in as part of the cross examination of a party. The latitude of such examination cannot be extended to such an extent as to permit the injection of matters irrelevant to any issue in the case and prejudicial to the party being examined.

■ The court in its charge instructed the jury that if, as indicated by the evidence, this action was being brought for the benefit of an insurance company such procedure was perfectly proper. This charge of the court cannot cure the error made in the admission of the evidence. *Ronan* v. *J. G. Turnbull Co. et al.*, 99 Vt. 280, 290, 131 Atl. 788; *Berkley* v. *Burlington Cadillac Co., Inc.*, 97 Vt. 260, 269, 122 Atl. 665; *Smith* v. *Martin*, 93 Vt. 111, 128, 106 Atl. 666.

■ Defendant Moore while being examined by his counsel was asked whether the above set forth conversation between the plaintiff and himself took place. The question was objected to on the grounds that by it an element was being brought into the case not proper for the jury's consideration and on the further grounds that this conversation was irrelevant and immaterial. Again the objection was apparently treated as timely by the court and the affirmative answer of the witness allowed to stand and an exception granted the plaintiff to the ruling of the court. For the reasons stated in our previous holding the admission of this testimony constituted reversible error.

■ Witness Potter called by the defendants was asked whether he had an opinion as to the cause of the fire based upon

certain referred to evidence in the case which he testified he had heard. He replied that he had. He was then asked to state it. An objection on several grounds was made to the witness giving his opinion. The only one here briefed and consequently the only one here considered was that there was no evidence then in the case that there were any wires carrying current in the northeast corner of the shed where flames were first seen. Without reviewing the evidence in detail received at the time of this objection it is sufficient to say that certain testimony of witness Larkin taken in connection with portions of the plaintiff's on both direct and cross examination tended to show that such wires were in that portion of the shed. The exception taken to the ruling of the court permitting the witness to state his opinion is not sustained.

During the direct examination of defendant Moore the following questions were asked and answers given by him: ''Q. You heard the testimony in this case with reference to the circumstances surrounding the fire? A. I have. Q. Based upon that testimony in the case have you some opinion as to the cause of the fire in the building? A. I have.'' There was then some discussion between court and counsel as to the effect of No. 47 of the Acts of 1939 and over the objection and exception of counsel for plaintiff the witness was permitted to state that in his opinion the fire was caused by an overload placed upon certain wires.

On cross examination the following questions were asked of and answers given by this witness: ''Q. Of course you are assuming in that answer (his opinion as to the cause of the fire) the motor was stalled as testified to by your Mr. Larkin? A. I am to a certain extent. Q. Well that is the overload that you are talking about, isn't it? A. There could be other overloads besides the pump in question. Q. But your opinion as to the cause of the overload is that the pump had stalled, isn't it? A. Not necessarily, no. Q. Where have you in mind that there was some cause for an overload other than the pump being stalled? A. Other than the pump being stalled, other things could happen and it could happen if the electric burner should come on, the circulator should come on, that is two motors; the electrical refrigerator should come on, all the same time, it could create load enough, disregarding the pump, they were all on that circuit, to start the overload, just those three motors, that could happen.''

Later during the redirect examination of this witness counsel for plaintiff moved that the opinion given by him as to the cause of the fire be stricken from the record, the ground for the motion being that the opinion was based on evidence not in the case. The court denied the motion and allowed the plaintiff an exception to its ruling.

The question, the form of which is not here in issue, called for an answer based on evidence in the case. The cross examination developed that the answer in a large part, if not in whole, was based on conjectures of the witness as to what could have happened which might have caused the fire, there being no evidence tending to show a cause for an overload of the wires except from the stalled pump.

██ Opinions must be based on facts disclosed by the evidence in the case and not in whole or in part upon speculation of the witness as to what might have been such evidence. *Thayer* v. *Davis*, 38 Vt. 163, 166; *Foster* v. *Fidelity & Casualty Co.*, 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833; *Davis* v. *Maxwell*, 108 App. Div. 128, 96 N. Y. S. 45; 20 Am. Jur. 661; 22 C. J. 640. The answer of the witness was very material as it went directly to the issue of liability. The facts brought out on cross examination did not merely tend to lessen the evidentiary weight of the answer but disclosed that it was not properly in the case as evidence to be considered by the jury. By its retention the rights of the plaintiff were prejudiced and consequently there was reversible error in not granting the motion to strike.

*Judgment reversed and cause remanded.*