ROBERT WILBUR, b. n. f. *v.* THORNTON D. TOURANGEAU.

(71 A2d 565)

January Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ.

Opinion filed February 7, 1950.

*Black & Wilson* for the plaintiff.

*McNamara & Larrow, George L. Agel* and *Thomas M. Reeves* for the defendant.

ADAMS, J.   The plaintiff, a child four years old, was injured while crossing a street in the City of Winooski when struck by an automobile operated by the defendant.   Trial was by jury with verdict and judgment for the defendant.   The case is here on exceptions of the plaintiff.   The only ones relied upon are to the admission of and statements by the Court about two ALA insurance policies or contracts.

The defendant was called by the plaintiff as a witness and cross examined.   He was asked if he had talked with the father of the plaintiff shortly after the accident at the hospital about what had happened.   He replied "Yes".   The examiner did not pursue the matter further.   Later the father as a witness for the plaintiff testified on re-direct examination that he and his sister saw the defendant at the hospital and talked with him and he said "He

would take care of all the damages." This answer was admitted as an admission of liability over the objection and exception of the defendant. On re-cross examination he was asked as to other matters in the conversation and denied that these matters, suggested by the examiner, were any part of it. Nothing was asked about his testimony just quoted above. Later the defendant was recalled by the plaintiff for further re-cross examination. Nothing was asked by the examiner about the conversation with the father. Then he was further examined in re-direct examination by his attorney and the following took place:— (referring again to the conversation) "Q. And did the early part of the conversation have to do with the boy's condition, did you ask the father something about the boy's condition? A. Yes. Q. And you had an answer to that from the father, did you? A. Yes. Q. Then what conversation took place between you and the father immediately after that right at that time after that question and answer had taken place? Did he ask you something? A. Yes. Q. What did he ask you? A. If I had insurance. Q. And what did you reply to that? A. I told him I had ALA. Q. Was there something then said about the expenses incident to the accident, whether or not it would be taken care of by the ALA? A. I told him I thought the ALA would. Q. Would take care of the expenses? A. Yes. Q. Was that the entire conversation respecting the matter of expenses and damages as it took place that evening between you and the father? A. Yes. Q. Did you shortly after the accident consult the ALA attorney in this district to determine whether or not the ALA covered damages and expenses? A. Yes. Q. Did you get an answer to that? A. Yes. Q. And did it?" On objection this was not answered. "Q. Did you in that conversation state anything as to whether or not you considered that you were to blame for this accident? A. No. Q. That, is, you didn't say anything about it or you said you weren't to blame? Tell us just what was said, if anything, about that? A. Just what he asked me about the insurance and I told him about the ALA." Then the following question was asked by the attorney for the plaintiff:— "Q. This ALA attorney that you have said you talked with is Mr. McNamara who is here in Court to-day? A. Yes."

Later in Chambers the defendant offered the two ALA policies of insurance or contracts in question. The plaintiff objected on the ground that they did not concern any issue material in the case;

that whether or not the defendant was covered by any contract insuring him against liability arising out of the accident was not a matter before the Court and the admission of such documents would be prejudicial to the plaintiff. They were admitted and the plaintiff allowed an exception on all grounds stated. Thereafter the Court stated to the jury:— "Ladies and Gentlemen, the defendant produced and offered in evidence the documents concerning what was referred to in the testimony of Mr. Tourangeau as —I don't remember whether he put it ALA Insurance or ALA contract. Those documents have been received in evidence. It will not be necessary for you to examine them. Sufficient be it for us to tell you that those documents do not provide indemnity for anything for which Mr. Tourangeau is being sued in this litigation." The plaintiff was allowed an exception to the court's statement upon the grounds previously stated in objecting to the admission of the policies or contracts.

We agree with the defendant as to the general rule that whenever the admission of a party is given in evidence against him, all that he said at the time, which tends to qualify or explain such admission is admissible. That does not apply to the situation here. This Court has repeatedly stated it is improper and reversible error to inject into a case that an insurance company is defending or prosecuting a suit. While this rule has its limitations and exceptions, they are never to be used as an artifice to bring insurance into the case. *Ryan* v. *Barrett,* 105 Vt 21, 23, 162 A 793, and cases cited; *Bliss* v. *Moore & Stoughton,* 112 Vt 185, 187, 22 A2d 315; see also annotations in 56 ALR 1418; 74 ALR 849; 95 ALR 388; 105 ALR 1319; 4 ALR2d 761.

Sometimes a reference to insurance is so tied in or so inextricably involved with a defendant's admission of liability that it cannot conveniently be eliminated from testimony concerning such admission. Anno. 4 ALR2d, supra. That is not the situation in this case. Here the testimony, as we have seen, was that the defendant stated "He would take care of all the damages". This testimony came from a witness produced by the plaintiff. The defendant was not asked about it by the plaintiff's attorney. When the defendant was examined by his own attorney, the matter of insurance in the conversation between the defendant and the witness was brought out and the defendant was then asked if that was the entire conversation, to which he replied, "Yes". This was

a denial by inference of what the witness had stated the defendant said. There was no admission of having said it and an attempt to explain or qualify it. The denial could have better been by a direct statement. It was not necessary to inject insurance into the case to get a denial before the jury, as was done by an indirect method. If the examiner saw fit to use the method adopted and thereby bring insurance into the case he did so at his own peril.

The cross examination of a defendant and the introduction of that part of a statement made to an investigator as to how the accident happened did not warrant the introduction of the rest of the statement about insurance. The defendant was not entitled to show the rest of the statement that did not pertain to any material issue in the case. Whether the defendant was insured or not was wholly immaterial. *Socony-Vacuum Oil Co.* v. *Marvin,* 313 Mich 528, 21 NW2d 841.

In the case of *Piechuck* v. *Magusiak,* 82 NH 429, 135 A 534, the defendant was permitted to testify that he had no liability insurance. This was held error. The court, after stating that it is not permissible for the plaintiff in such cases to show, as an independent fact, that the defendant is insured said in part, which we quote with approval;—

> "They (the jury) may have thought that it would be too bad to make an uninsured man pay. The evidence is a form of the inadmissible plea of poverty. Having been objected to and ruled in, the jury were given to understand that they were to make use of it for some purpose. 'The fact that incompetent evidence is laid before the jury under favorable rulings by the court, * * * tends to increase rather than diminish its prejudicial effect'. * * * As before suggested, the evidence may have been used, not merely to rebut the illegal inference of insurance, but also to create sympathy for the uninsured defendant. If the latter use was made the plaintiff was deprived of a proper consideration of her claim. * * * The correct procedure is to exclude all reference to insurance at these trials. The fact of insurance may incidentally or unavoidably appear. But even this should not be permitted on slight or for specious reasons. The whole subject is foreign

to the issue to be tried and its introduction, even in-
cidentally, should be avoided whenever it is prac-
ticable to do so."

The case of *Davis* v. *Underdahl,* 140 Or 242, 13 P2d 362, is very
much in point here. There in showing the interest of a witness
for the defendant who had obtained a statement from the plain-
tiff, it was brought out that he was in the employ of a certain in-
surance company that had fire, theft and collision insurance on
the defendant's car. The policy was then offered and excluded.
Held no error. It was conceded, as we have held in this state,
*McAndrews* v. *Leonard,* 99 Vt 512, 517, 518, 134 A 710, that the
plaintiff had the right to bring out employment of the witness by
an insurance company for the purpose of showing bias, interest
or credibility. Then the court stated;—

"The mere offer of the insurance policy * * *
would not alone show that the defendant was not in-
sured. It did not pertain to any issue in the case.
The cross examination of the witness did not warrant
the defendant on re-direct examination in showing
the defendant was not fully protected by insurance."

To the same effect is *Avent* v. *Tucker,* 188 Miss 207, 194 So.
596.

If a defendant could show that he carries no insurance so that
any damages awarded would have to be paid by him personally,
evidence in a large damage case as to the defendant's policy limit
would be equally relevant to show that any damages awarded above
the policy limit would have to be paid by him personally. That
would be the converse of allowing insurance or partial insurance
of the defendant to be shown by the plaintiff.

No insurance is so interrelated with that of insurance that
the evidence in either situation ought not to be unnecessarily re-
ceived. It does no good and may do harm. *Fine* v. *Parella,* 92
NH 81, 25A2d 121,

"If proof, as an independent fact, that defendant
has insurance is improper because it has no bearing
on the independent questions of negligence and dam-
ages and is calculated to injure defendant, then proof

that defendant has no protecting insurance is calculated, for the same reason, to injure plaintiff. The answer, in either case, is that the proof should not be heard because it is irrelevant and its consideration by the jury is calculated to work injury." *Rojas et al* v. *Vuocolo,* 142 Texas 152, 177 SW2d 962, 964.

Cases for injury in automobile collisions are frequently brought against more than one defendant. The matter of admitting evidence of no liability insurance on behalf of one or more of the several defendants has been passed upon by several courts. It is held that such evidence should not be received. Its reception would easily allow it to be inferred that the other defendants carried insurance. It is immaterial and irrelevant to any issue in the case. *Clayton* v. *Wells,* 324 Mo 1176, 26 SW2d 969, (two defendants) ; *Malone* v. *Small,* Mo App, 291 SW 163, (three defendants) ; *Brown* v. *Murphy Transfer & Storage Co. et al,* 190 Minn 81, 251 NW 915, (four defendants) ; *Rojas et al* v. *Vuocolo, supra,* (four defendants).

The defendant relies upon the following cases, *Smith* v. *Raup,* 296 Ill 171, 15 NE2d 936; *Trout* v. *Talerico,* 237 Iowa 285, 21 NW2d 672; *Whitman* v. *Carver,* 337 Mo 1247, 88 SW2d 885, and *Stehouwer* v. *Lewis,* 249 Mich 76, 227 NW 759, 74 ALR 844.

In the Illinois case, the plaintiff called the defendant as a witness and he testified without objection that the plaintiff asked him on the way to the hospital if he had insurance. When he was called in his own behalf, he was permitted to state that he answered "No" in reply. The court held that the plaintiff having first injected insurance into the case it would be unfair not to allow the defendant to state the answer he made to the plaintiff's question about it. The case is distinguishable from the case here and does not support the defendant's position.

In the Iowa case, the defendant when testifying on cross examination stated that the plaintiff wrote him a letter asking if he had insurance. The trial court ruled that it was a volunteered and inadvertent statement and did not permit him to state that he had no insurance. It was held there was no error. The opinion is more favorable to the plaintiff here than to the defendant.

In the Missouri case, the plaintiff testified that when the defendant called to see him at the hospital he told him not to worry about expenses, he was fully covered by insurance. A motion

for mistrial was overruled and the defendant when testifying was permitted to deny what the plaintiff had stated he said and to further testify that he told the plaintiff he didn't think he was insured as he was not on company business. It was held that the plaintiff had no valid reason, in the first place, to inject insurance into the case. The motion for a mistrial should have been granted, the verdict for the plaintiff was set aside and the case remanded. It is not authority for the defendant here.

In the Michigan case, the plaintiff's counsel on the voir dire inquired of the jury if they were interested in insurance companies. It was held that, as the plaintiff had the right to ask the question if he wished and having thus injected insurance into the case, the defendant had the right to show in good faith that he had no insurance. In this jurisdiction the accepted practice is for the Court or the Clerk in the presence of the Court to obtain from the entire jury panel when they report for duty all pertinent information about their connection with insurance companies of all types. That information is then available to any attorney who desires it before a jury is impaneled in any particular case and without any member of the panel knowing that the attorney has asked for or acquired the information. Any questions about insurance on the voir dire are thus unnecessary and improper. This case is therefore not in point in this jurisdiction.

According to the record in the instant case insurance or no insurance was not material and relevant to any issue in the case. The ALA policies or contracts were immaterial and irrelevant. The admission and explanation of them by the Court tended to becloud the issues. It could have misled and confused the jury and was prejudicial to the plaintiff. *Myers* v. *Thomas,* 143 Tex 502, 186 SW 811; *Piechuck* v. *Magusiak, supra; Clayton* v. *Wells, supra; Whitman* v. *Carver, supra; Davis* v. *Underdahl, supra; Avent* v. *Tucker, supra; Socony Vacuum Oil Co.* v. *Marvin, supra.* The exceptions are sustained.

*Judgment reversed and cause remanded.*