## Mark C. Joslin
### v.
## Elwin G. Griffith

[211 A. 2d 249]

April Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.

Opinion Filed June 1, 1965

*Davis, Martin & Free* for plaintiff.

*Wick, Dinse & Allen* for defendant.

**Barney, J..** The plaintiff recovered a verdict in this automobile accident case. The defendant accounts for the result by pointing to the introduction of testimony exposing his liability insurance coverage to the jury. He contends that his motions for mistrial, based on that testimony, should have been granted below.

We find insurance referred to in our cases as a "poisonous" fact. *Ryan* v. *Barrett,* 105 Vt. 21, 23, 162 Atl. 793. Its unnecessary interjection into a case as an immaterial fact has been repeatedly held to require retrial. *Bliss* v. *Moore,* 112 Vt. 185, 187, 22 A. 2d 315. Our policy is one of permitting the fact of insurance to be shown where clearly relevant, as with respect to a witness' interest, *Raymond's Admx.* v. *Rut. Ry, Light & Power Co.,* 90 Vt. 373, 377-8, 98 Atl. 909, or where it is inextricably coupled with relevant evidence such as an admission of liability. See *Hutchinson* v. *Knowles,* 108 Vt. 195, 200, 184 Atl. 705. Otherwise, such evidence of insurance is considered not merely immaterial, but prejudicial. *McCutcheon* v. *Leonard,* 114 Vt. 38, 41, 39 A. 2d 348.

This approach has been characterized by an eminent authority on evidence as steering a course between the Scylla of the procedural right of a party to cross-examine witnesses as to their interest or bias, and the Charybdis of excluding the issue as prejudical when not otherwise relevant. 2 Wigmore, Evidence § 282a (3rd ed. 1940). Professor Wigmore argues that such sensitivity is unrealistic in the light of the general familiarity with insurance coverage in the average juror; that the jurors are as entitled as the parties to know the true parties in interest; and that a rule forbidding reference to insurance except when material and unavoidable, becomes a rule that generates new trials for technical errors rather than an agency for preventing injustice.

Perhaps if the issue of insurance coverage were always simple and straight-forward, the approach contended for by Professor Wigmore would find more general acceptance. Unfortunately, when an attempt is made to treat the presence of insurance as a fact of independent relevance like "any other piece of evidence", complications almost immediately arise. If liability coverage is relevant as to the defendant, an argument can be made that the plaintiff's coverage, where subrogation may

be involved, is equally germane. If the insurer is the real party, do his defenses against his insured, with respect to being obliged to pay any judgment, become relevant, also? Should the limits of coverage be an issue? Is the absence of insurance in either plaintiff or defendant, or in one defendant of several sued together, relevant in this view? If a plea of poverty is unavailable as a defense, should financial ability in any form be part of the case for liability or damage? Answering these questions in the context of a jury trial could be so involved and time-consuming as to quite overwhelm and obscure the true tort issues of fault and damage.

This Court's position on the issue of insurance was generally reviewed in *Wilbur* v. *Tourangeau*, 116 Vt. 199, 71 A. 2d 565. That decision confirmed our rule that such matters are both irrelevant and prejudicial, unless the special circumstances of a particular case put them at issue. It would appear, on the present state of the law, that the matter of insurance coverage is too much like those matters discussed by Professor Wigmore as contributing to confusion of issues or creating undue prejudice (6 Wigmore, Evidence § 1864, 3rd ed. 1940), to permit insurance in the context to be handled as an ordinary evidentiary fact. This view, which we here adhere to, appears to be shared by a large number of jurisdictions. See 88 C. J. S. Trial, § 53a, pg. 140-51; 38 Am. Jur. Negligence, § 328-9, pg. 1025-8; Annotation, 4 A.L.R. 2d 767.

This does not mean that the interjection of insurance, otherwise irrelevant, in a case should produce an unvarying consequence of mistrial. Some of our cases contain language indicating that the decision to grant a mistrial for the unwarranted introduction of insurance coverage has discretionary aspects. *Ryan* v. *Barrett*, supra, 105 Vt. 21, 23-4, 162 Atl. 793. Others strongly suggest that mistrial should follow, as a matter of law, improper reference to insurance in a trial. *Landry* v. *Hubert*, 100 Vt. 268, 277, 137 Atl. 97. Some rulings are footed on both the discretionary ground and the ground of inadmissibility as a matter of law. *Hutchinson* v. *Knowles*, supra, 108 Vt. 195, 199-200, 184 Atl. 705.

On analysis, it develops that, although insurance, when immaterial, is a prejudicial issue, there is a rather narrow area where, because of the nature of the disclosure or the circumstances of the particular case, a judge may properly decline to grant a mistrial, as a matter of discretion. This is when the disclosure is oblique or obscure, making little impression on the jury, or when the posture of the case

makes it apparent that the prejudicial effect will be minimal. Curative instructions may be required, and may, in some cases, be sufficient to counteract the prejudice. But see *Ronan* v. *Turnbull*, 99 Vt. 280, 290, 131 Atl. 788.

However, the step is a short one from this type of situation, to one of prejudice as a matter of law. This Court can only confirm the right of the lower court to refuse to find prejudice where the record satisfies us that there was, as a matter of law, no prejudice. See *McDonald* v. *Orton*, 99 Vt. 425, 431, 134 Atl. 599. In the usual case, the granting of a mistrial may be the only supportable decision.

 The actions of the parties may affect the trial court's ruling. It is apparent that, if the plaintiff or defendant, in order to achieve a more favorable verdict, deliberately seeks to introduce evidence of immaterial insurance coverage by any technique, fairness to the innocent party requires that a mistrial be granted. Fairness equally requires that a mistrial be denied, if the plaintiff or defendant deliberately inject the insurance issue in order to bring about a mistrial, so as to gain the advantage of retrying the case under more favorable circumstances. Otherwise, the court is in danger of allowing one party, by unethical practices, to gain the position of being able to accept or reject, as he pleases, the outcome of this trial, assured of a second chance to present his case, if he wishes it.

The defendant claims there were three episodes during the trial which amounted to prejudicial insurance references. The first involved testimony by the plaintiff, on direct examination, that at the request of the defendant he went to be examined by a particular doctor. Insurance was not mentioned. The defendant argues that the issue was present by inference, since it is customary for insurance companies to make such a request when defending, and that this is so well-known that the jury must have so understood it. But it would certainly be equally in the interest of an uninsured defendant to request such an examination. We will not assume the jury made so unjustifiable an inference from this evidence. The trial court correctly denied the motion for a mistrial made on this ground.

The second episode did involve the mention of insurance by a doctor who had been the plaintiff's physician, but who was called as a witness by the defense. While being cross-examined by the plaintiff's attorney, this witness, in an unresponsive portion of an answer, volunteered some information concerning a contract with an insurance adjuster not clearly identified with either party. A motion to strike

the unresponsive portion was certainly in order, but was not made. A motion for a mistrial was made, however, and was denied by the trial court.

If it sufficiently appeared that this issue was deliberately interjected by the witness as a benefit to the defendant, the mistrial was properly denied, as we have seen. Some cautionary comment to the jury to disregard the unresponsive portion of the answer might have been helpful, if it did not serve to overemphasize the insurance issue. On the other hand, if it sufficiently appeared that the motive was to benefit the former patient, the plaintiff, the motion should have been granted. However, the trial court, rather than basing its ruling on either of these grounds, chose to treat insurance as a non-prejudicial topic, contrary to the holdings of our cases.

Unfortunately, this did not end the matter. When the plaintiff's attorney was examining another witness, this time the defendant himself, the following occurred:

Q. Mr. Griffith, did you sign a motor vehicle report relative to this accident?

A. Yes, sir.

Q. Would you look at this document which is identified for the record as plaintiff's No. 6 and see if that is something you signed?

A. Well, I don't know if I signed it. I didn't write it, I know.

Q. Is that your signature?

A. That is my signature, yes.

Q. I assume you would have read it if you signed it, is that right?

A. I recall signing this when I was in that pain from the back, and I don't remember reading it. That was my insurance adjuster I believe that wrote that.

Q. What do you mean by that last statement?

A. The insurance adjuster filled this out. I signed it.

At the close of this cross-examination the defendant moved for a mistrial, and the trial court denied his motion.

This was error. We do not have to determine whether or not the defendant's eventual reference to his adjuster was unexpected in the light of the questions being propounded. The examiner lost the benefit of any claim that the subject was inadvertently introduced when he persisted in his examination by calling on the defendant to explain his

comment concerning the insurance adjuster. He was then on notice that the next answer would more than likely reemphasize prejudicial matter already elicited by his own questioning. The defendant then became entitled to a new trial as a matter of law.

*Reversed and remanded for a new trial.*