# Louis Duval v. Peter I. Diamondstone

[315 A.2d 498]

No. 55-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Sullivan & McCaffrey*, Rutland, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendant.

**Smith, J.** The issues being the same, the above entitled case, as well as No. 56-73, *Catherine Duval* v. *Peter I. Diamondstone,* were combined for hearing. The actions arose out of an accident in the City of Rutland on October 21, 1970, in which the automobile driven by the defendant, Diamondstone, collided with the rear end of a vehicle owned and driven by the plaintiff, Louis Duval, damaging the car of the plaintiff, and resulting in injuries to the wife of the plaintiff, Catherine Duval, as well as to several minor children of the couple. Liability was admitted and the case was tried on the question of damages only in the Rutland County Court. Jury verdicts were returned in the amount of $10,000 for Louis Duval and $12,000 for Catherine Duval, as well as verdicts for the injured minor children. No appeal was taken from the verdicts rendered for the minor children of the parties, but appeals were duly taken from the verdicts rendered for both Louis and Catherine Duval.

Upon appeal, the defendant has briefed four grounds of claimed error before this Court.

The first such claimed error is to the admission of evidence by the trial court. The first such evidence objected to was the testimony of Police Officer Hall. Officer Hall, who investigated the accident, described the physical aspects of the accident scene, damage to the vehicles as well as to the condition of Catherine Duval, whom he described as being hysterical, in a state of shock, and apparently suffering great pain.

Also objected to was the testimony of a Mrs. DuBray, whose house was damaged as a result of the accident, and

who testified to the force of the collision and the physical and emotional condition of Mrs. Duval immediately following the accident. Objection was also made to the testimony of a Mr. Hack, who was driving his truck along the same road at the time of the accident and testified as to the force of the collision.

The injuries the plaintiff claimed to have suffered as a result of the accident were severe pain in the back and neck, as well as an aggravation of an existing nervous condition, and her inability to resume her every-day duties about her house since the time of the collision. She was confined for a week in Rutland Hospital as a result of the injuries to her back and neck and contusions of her leg. She received further treatments from Dr. Layden, her attending physician, after leaving the hospital and was fitted to a surgical corset. Dr. Layden testified that her injuries were not of a permanent nature and that she did suffer from a previous nervous condition. Both her husband and daughter testified as to her inability to perform the household functions that she had previously exercised and that she had become much more nervous and emotional since the happening of the accident.

An examination of the testimony objected to does not disclose that it was of a prejudicial nature such as to inflame the passions of a jury. Much of such evidence related to the injuries received by the plaintiff, Catherine Duval, as well as to her mental and nervous condition directly after the collision. The force of the collision was relevant to the issue being tried as to the injuries received by the plaintiff Catherine, and the force and violence of the impact upon the automobile in which Catherine Duval was a passenger was a probative factor relating to the nature and extent of the injuries received by her. *Gourden* v. *Waller*, 495 P.2d 1142, 1143 (Colo.App. 1972). We find that the trial court did not abuse its discretion in the admission of the evidence to which the defendant has objected, such evidence being relevant to the issue of damages being tried.

The second claim of error briefed by the defendant is that the lower court erred in denying a motion made for a mistrial because, as the defendant claims, the evidence of a Mr. Shortsleeve brought the matter of insurance into the case.

■ The plaintiffs called Mr. Shortsleeve as an expert witness to testify as to the damages to the car owned by the plaintiff Louis Duval. Upon cross-examination, counsel for the defendant, an experienced trial lawyer, inquired of Mr. Shortsleeve if he knew a Mr. Sanborne. Upon the affirmative response by the witness, defendant's attorney then asked, "What does he do?". The response to this question was, "He was a former adjustor for the company you represent. I don't think he is with them any more." While defendant's claim seems to be that at the time of the answer the witness pointed his finger at defendant's attorney, the record does not establish such physical act on the part of the witness. The term "pointing the finger" was used by the attorney for the defendant at a bench conference with the trial judge after the motion was made for mistrial.

We note that the witness did not mention the word "insurance" in his answer to the question propounded to him. Furthermore it was an answer that might well have been expected by counsel for the defendant in view of his question, and in view of his trial experience.

■ The rule of this Court, generally, is that the matter of insurance coverage confuses the issues and creates undue prejudice. *Wilbur* v. *Tourangeau*, 116 Vt. 199, 201, 71 A.2d 565 (1950).

> On analysis, it develops that, although insurance, when immaterial is a prejudicial issue, there is a rather narrow area where, because of the nature of the disclosure or the circumstances of the particular case, a judge may properly decline to grant a mistrial, as a matter of discretion. This is when the disclosure is oblique or obscure, making little impression on the jury, or when the posture of the case makes it apparent that the prejudicial effect will be minimal. Curative instructions may be required, and may in some cases, be sufficient to counteract the prejudice. *Joslin* v. *Griffith*, 125 Vt. 104, 106–07, 211 A.2d 249 (1965).

The record disclosed that the lower court in this instance denied the motion for a mistrial after observing that liability was conceded, the defendant was not present, and that counsel for the defendant had been conferring during the trial

with an insurance adjustor and obtaining documents from him. Upon denial of the motion, the defendant did not request any instructions from the court to the jury to counteract the claimed prejudice.

In view of the fact that the witness did not mention "insurance" in his reply to the question asked him, we doubt that the answer made much, if any, impression on the jury. The disclosure, if such it was, was oblique, and under the circumstances of the particular circumstances of this case, we think the lower court properly refused to grant the motion for a mistrial as a valid exercise of its discretion.

■ The jury awarded damages to Catherine Duval in the amount of $12,000.00 and awarded to Louis Duval, the husband, the sum of $10,000.00. Defendant moved in both cases that such verdicts be set aside on the grounds that each was excessive, or in the alternative, to order a substantial *remittitur* in the amount of each verdict.

> Where the verdict is either so great or so small as to plainly indicate that in reaching it the jury either disregarded the testimony or acted from passion or prejudice, it is the duty of the court to set it aside. Where the damages rest in the judgment of the jury they are not to be held either excessive or inadequate unless they are grossly so. *Wilford* v. *Salvucci*, 117 Vt. 495, 496, 95 A.2d 37 (1953).

In his motion to set aside the verdict in each of these cases, the defendant asserted that the verdicts were "grossly excessive and wholly unwarranted and unsupported by any evidence in the case." These two reasons were directed to the discretion of the trial court.

> The right to set aside a verdict is based, ultimately on the proposition that an injustice would result from permitting the verdict to stand. Verdicts are not lightly to be disregarded, for it is the proper province of the jury to settle questions of fact. [Citations omitted.] *Scrizzi* v. *Baraw*, 127 Vt. 315, 322, 248 A.2d 725 (1968).

■ Considering the verdict in the case of Catherine Duval, the evidence, taken in the light most favorable to the plaintiff, is that she suffered a low back strain, a slight strain

of the cervical spine, various contusions and an aggravation of a previous nervous condition from which she is still suffering some two years after the accident. She was confined in a hospital for a period of time, suffered severe pain, and has not been able to resume the normal activities which she engaged in before her injury. Under the evidence in the case relative to her injuries, pain and suffering and resultant nervous condition and partial disability, we find that the lower court did not abuse its discretion in refusing to set aside the verdict of $12,000.00 rendered by the jury.

█ Louis Duval, the husband of Catherine, incurred bills in connection with the accident including car loss, and medical and hospital bills for his wife and children that the lower court instructed the jury were in the amount of $4,898.90. The testimony also was that his wife had aided him in his bakery business prior to the accident, and had been unable to so aid him since that time. The lower court also instructed the jury, without objection from the defendant, that Mr. Duval was "entitled to recover the pecuniary loss which you find he has sustained by the loss of his spouse's services and society. Though this is sometimes referred to as loss of services. The services embrace not only services but also such elements as love, companionship, affection and society."

Under such instructions, unexcepted to, and where the fact of loss of society is established by evidence, the assessment of reasonable compensation therefor must necessarily rest within the sound discretion and judgment of the jury. 41 Am.Jur.2d *Husband and Wife* § 455, at 382. Under the evidence and circumstances of the present case, we do not find that the lower court abused its discretion in denying the motion of the defendant to set aside the verdict rendered to Louis Duval in his suit against the defendant, Diamondstone.

The entry is: *Judgment Affirmed in No. 55-73, Louis Duval v. Peter I. Diamondstone, and in No. 56-73, Catherine Duval v. Peter I. Diamondstone.*