### Cone Realty Corporation v. Gerald A. Smith

[409 A.2d 567]

No. 58-79

Present: **Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned**

Opinion Filed November 5, 1979

*James J. Cormier, Jr.,* Bennington, for Plaintiff.

*Joseph M. O'Neill,* Rutland, for Defendant.

**Billings, J.** Plaintiff-appellant filed a complaint in the Bennington Superior Court alleging that a fire caused by defendant-appellee's negligence resulted in damage to plaintiff's real and personal property. The action brought in the name of the plaintiff was a subrogation action in which the real party in interest was the plaintiff's insurance company. V.R.C.P. 17. After jury trial a verdict was returned for the defendant. Plaintiff appeals the denial of its motions for mistrial, to set aside the verdict and for new trial. V.R.C.P. 59.

During plaintiff's direct examination of the defendant, plaintiff's counsel asked the question: "Now drawing your attention to the period of time after the fire, when you were living up in Woodford, did you give a statement to a representative of Cone Realty?" Defendant answered "Yes, I did." Counsel then asked, "And do you recall" at which point the defendant interjected the following: "I did not give a statement to a representative of Cone Realty. It was an insurance adjuster that I gave it to and he said that it was an insurance form and that it would not be used against me in court." Plaintiff had this statement marked for identification but never offered it in evidence. Plaintiff immediately sought a mistrial and subsequently a motion for new trial claiming that the defendant's needless and spontaneous injecting of the evidence of insurance into the case was for the purpose of prejudicing the jury.

■■ The deliberate injection of insurance into a case in order to prejudice a jury and benefit a litigant is normally reversible error since the existence of insurance is an immaterial fact, *Bliss* v. *Moore,* 112 Vt. 185, 188, 22 A.2d 315, 317 (1941), and in proper circumstances fundamental fairness requires a new trial. See *Joslin* v. *Griffith,* 125 Vt. 104, 211 A.2d 249 (1965). However, there are factual situations where the disclosure of insurance does not require a mistrial as a matter of law, but permit the trial court in its sound discretion to declare a mistrial. *Id.* at 106, 211 A.2d at 251. In the case at bar the mention of insurance was elicited during direct examination of the defendant by the plaintiff. It is clear from the record that it was not deliberately injected by defendant, but rather was a truthful answer to a question propounded by the plaintiff who knew, or should have known, that the statement had been taken by an insurance adjuster. The plaintiff cannot claim error on the ground that the subject was deliberately introduced, because the plaintiff, rather than the defendant, is responsible for injecting the existence of insurance into the record. *Id.* at 107, 211 A.2d at 252. The plaintiff's motion for mistrial and for new trial was properly denied.

*Affirmed.*