**Robert A. Hardy v. Ismet Berisha**

[474 A.2d 93]

No. 82-279

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 3, 1984

132

*Jeremy Dworkin* and *Michael Rubin,* South Londonderry, for Plaintiff-Appellant.

*Jean Brewster Giddings* and *J. Eric Anderson* of *Fitts, Olson, Carnahan, Anderson & Bump,* Brattleboro, for Defendant-Appellee.

**Billings, C.J.** Plaintiff appeals from a jury verdict in favor of the defendant. After a trial on his tort claim for damages arising from an automobile collision with the defendant, the jury found plaintiff 52% negligent and defendant 48% negligent, with the negligence of each a proximate cause of the accident. Under Vermont's comparative negligence law, 12 V.S.A. § 1036, this verdict resulted in a zero damage award for plaintiff. Plaintiff moved for a new trial, which was denied by the court after hearing.

On appeal, plaintiff claims two errors: (1) that the court, in denying his motion for a new trial, abused its discretion; and (2) that opposing counsel improperly raised the issue of defendant's insurance coverage during closing argument.

In its order denying plaintiff's motion for a new trial, the court stated:

> Based upon the evidence in the light most favorable to the verdict the court denies the plaintiff's Motion . . . .

Plaintiff contends that by viewing the evidence in the light most favorable to the verdict the court used the standard ap-

plicable in determining motions for directed verdicts and judgments notwithstanding the verdict but not applicable to motions for new trials. Citing a number of federal court decisions, he argues that the use of this standard in a motion for new trial is reversible error because it prevents a judge from exercising his or her own independent judgment when considering the evidence in the case.

Plaintiff also points to the lack of findings in the judge's order denying his motion as further or alternate evidence of an abuse of discretion. At the trial level, one of plaintiff's grounds for his motion was the mention of defendant's insurance coverage made by defendant's attorney during closing argument. Plaintiff's objection was made at the end of defense counsel's argument rather than at the time the offending statements were made. During the hearing on the motion for new trial, the judge questioned whether plaintiff had waived his objection by waiting until the end of defendant's closing argument. Plaintiff now contends that the judge's failure to make a finding on the issue of the improper remarks indicates the judge believed plaintiff had waived his objection and therefore the judge did not consider the statements when ruling on plaintiff's motion.

Plaintiff's last ground, for claiming an abuse of discretion, is that the verdict was not supported by the evidence.

A motion for a new trial, V.R.C.P. 59(a), rests solely with the discretion of the trial court. *Hoague v. Cota*, 140 Vt. 588, 591, 442 A.2d 1282, 1284 (1982). In contrast, motions for directed verdict, V.R.C.P. 50(a), and motions for judgment notwithstanding the verdict, V.R.C.P. 50(b), are mandated by law. *Ryan v. Old Fox Chemical Co.*, 139 Vt. 259, 260, 427 A.2d 371, 372 (1981). Plaintiff is correct that motions for directed verdict and judgment notwithstanding the verdict require consideration of the evidence in the light most favorable to the verdict. *Id.; Beaucage v. Russell*, 127 Vt. 58, 60, 238 A.2d 631, 633 (1968). Similarly, however, a judge may not exercise his or her discretion in ruling on a motion for new trial without reference to the verdict rendered by the jury. Contrary to the federal decisions cited by plaintiff, Vermont law requires a judge, who is asked to grant a new trial, to weigh the evidence in the light most favorable to the verdict.

*Gregory* v. *Vermont Traveler, Inc.,* 140 Vt. 119, 121, 435 A.2d 955, 956 (1981). This is because it is the protected duty of the jury to render a verdict, *Grow* v. *Wolcott,* 123 Vt. 490, 493, 194 A.2d 403, 405 (1963), and a judge may not disturb that verdict unless it is clearly wrong. *Weeks* v. *Burnor,* 132 Vt. 603, 609, 326 A.2d 138, 140 (1974).

 Plaintiff's claim that the lack of findings in the court's order denying his motion demonstrates an abuse of discretion is without merit. Plaintiff is correct that failure to object to counsel's argument until its completion does not waive the right to raise the objection on appeal. V.R.C.P. 46; *State* v. *Ross,* 130 Vt. 235, 238, 290 A.2d 38, 40 (1972). Under V.R.C.P. 52, however, the court was not required to state its findings in its written ruling on plaintiff's motion. On appeal, this Court is "bound to accord to the ruling all possible presumptive support, similar to the support the trial court owes to a jury verdict." *Gregory* v. *Vermont Traveler, Inc., supra,* 140 Vt. at 121, 435 A.2d at 956. The court received both oral and written argument on the issue whether plaintiff had waived his objection to defendant's closing argument, and made no ruling for or against plaintiff's position. On the record before us, and under our holding in *Gregory, supra,* we presume the trial court considered all of plaintiff's grounds for a new trial in its deliberations on plaintiff's motion.

 Plaintiff's contention that the verdict is not supported by the evidence is also meritless. A motion for new trial on the ground that the evidence does not support the verdict is addressed to the discretion of the trial court. *Weeks* v. *Burnor, supra,* 132 Vt. at 606, 326 A.2d at 139. This Court will not review the lower court's ruling unless the party claiming abuse of discretion demonstrates that there has been an abuse, *Houghton* v. *Leinwohl,* 135 Vt. 380, 382, 376 A.2d 733, 736 (1977), and that prejudice resulted from that abuse. *Hoague* v. *Cota, supra,* 140 Vt. at 594, 442 A.2d at 1285. A review of the record demonstrates support for the jury's verdict.

Plaintiff's other claim of error is that opposing counsel's injection of the issue of defendant's insurance coverage during closing argument requires reversal as a matter of law. The first statement cited by plaintiff occurred during defense coun-

sel's discussion of Vermont's comparative negligence law, 12 V.S.A. § 1036, as follows:

> And, finally, if you find that it's fifty-fifty, that is if there was negligence on both parties' part . . . that had Mr. Hardy not acted negligently, had he avoided the accident, he would not have sustained any injuries it's fifty-fifty . . . in that case *it wouldn't be fair for someone to be—have money taken from him* when his fault was no greater than that of the other party. (Emphasis added.)

The second statement was made while defendant's attorney was discussing the speculative nature of certain damages claimed by plaintiff:

> You heard Mr. Hardy testify that . . . IBM had a good chance . . . to get that business. Well, I think that's a long way from having the business in your hip pocket and walking out with a check in your hand . . . . *And I think for us to say okay here's seven thousand dollars of Mr. Berisha's money* because he might have gotten that account, there's no evidence that he had it. (Emphasis added.)

Plaintiff argues that both statements raise the issue of defendant's lack of insurance coverage, which amounts to an improper plea of poverty that is likely to arouse the passion of the jury and improperly influence its verdict.

 This Court has traditionally held that "[t]he deliberate injection of insurance into a case in order to prejudice a jury and benefit a litigant is normally reversible error since the existence of insurance is an immaterial fact . . . ." *Ronay's Famous Shoes, Inc.* v. *St. Peter,* 143 Vt. 319, 321, 465 A.2d 1388, 1389 (1983) (quoting *Bliss* v. *Moore,* 112 Vt. 185, 188, 22 A.2d 315, 317 (1941)). This rule applies with equal force to the introduction of the absence of insurance coverage. *Wilbur* v. *Tourangeau,* 116 Vt. 199, 204, 71 A.2d 565, 568 (1950). We have also, however, recognized certain exceptions to the rule against the introduction of insurance matters: when the reference to insurance is inextricably involved in a defendant's admission of liability, *id.* at 201, 71 A.2d at 567; when the fact of insurance is relevant on the issue of a wit-

ness' interest in the outcome of the litigation, *Raymond* v. *Rutland Railway, Light & Power Co.*, 90 Vt. 373, 377–78, 98 A. 909, 911 (1916) ; see also V.R.E. 411; or when the reference is "oblique or obscure, making little impression on the jury, or when the posture of the case makes it apparent that the prejudicial effect will be minimal." *Joslin* v. *Griffith*, 125 Vt. 104, 106–07, 211 A.2d 249, 251 (1965). If the reference to insurance made during trial falls under one of these exceptions, the trial court may decline to grant a new trial. *Cone Realty Corp.* v. *Smith*, 137 Vt. 567, 568, 409 A.2d 567, 568–69 (1979).

The statements objected to by plaintiff clearly fall under the third exception. Both statements were, at most, oblique and obscure references to insurance.

*Affirmed.*