## Michael E. McKenna v. James S. May

[353 A.2d 359]

No. 203-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 4, 1976

*Joseph M. O'Neil,* Rutland, for Plaintiff.

*Frederick deG. Harlow and R. Joseph O'Rourke* of *Ryan, Smith and Carbine, Ltd.,* Rutland, for Defendant.

Smith, J. The trial court granted the plaintiff's motion to set aside the verdict in favor of the defendant and ordered a new trial. At the request of the defendant, the lower court certified that ruling here for review because the order for a new trial was not a final judgment. See *Grow* v. *Wolcott,* 123 Vt. 490, 492, 194 A.2d 403 (1963).

The plaintiff's action was one for damages, both compensatory and punitive. It arose as a result of the plaintiff being shot in the right thigh, from behind, by the defendant, while he was on the defendant's premises.

Certain facts are virtually undisputed by the parties. Defendant and his wife, accompanied by friends, met the plaintiff, also accompanied by friends, at a restaurant and bar known as the Round House. Both parties had previously engaged in separate dining and drinking before meeting at the Round House.

The defendant and his wife and the members of their party returned to the May home for a drink. A little later the plaintiff, accompanied by the couple with whom he had been spending the evening, also came to the May residence. This was in the very early morning of November 21, 1970.

Some time after the plaintiff's arrival, he and Mrs. May engaged in an altercation. Mrs. May pulled the plaintiff's hair, and then he and Mrs. May engaged in a tussle on the living room floor. At this time, according to the testimony of the defendant and his wife, they ordered the plaintiff to leave their premises. When the plaintiff did not immediately comply with his order, Mr. May went upstairs and procured a .22 caliber revolver and, pointing it at the plaintiff, directed him out of the kitchen door. It was at this point that the shooting took place, with five shots being fired, one of which hit the plaintiff, as previously described, and another grazing the heel of Mrs. May as she attempted to remove the gun from her husband's hand.

The defendant's defenses to the plaintiff's charges were that he was a trespasser in the house of the defendant, that plaintiff had assaulted Mrs. May and would have further assaulted her if the defendant had not taken the action that he did, and, third, that the defendant, in defense of his wife and his property used only such force as was necessary to repel the plaintiff.

The lower court, in allowing the motion of the plaintiff for a new trial, stated that it was granted "on the grounds that the verdict of the jury was against the weight of the evidence; and on the further ground that the jury did not follow the instructions of the Court in its charge to the jury". The court, therefore, set forth its reasons for granting the motion.

Both parties agree that the plaintiff's motion for a new trial called for a discretionary ruling by the trial court.

■ This Court, in the cases of *Grow* v. *Wolcott, supra,* and *Weeks* v. *Burnor,* 132 Vt. 603, 326 A.2d 138 (1974), set forth in some detail the duties in granting a motion for a new trial on the part of both a trial court and this Court. Permitting such a motion is within the discretion of the trial court, and the evidence must be considered in the light most favorable to the verdict. Only after the evidence is so viewed, and the verdict is shown to be clearly wrong and unjust because the jury disregarded the reasonable and substantial evidence, or found against it, because of passion, prejudice, or some misconception of the matter, can the court exercise its discretion to set aside the verdict.

■ When this Court, on appeal, is called upon to review the trial court's disposition of a motion to set aside the verdict and grant a new trial, we are bound to accord to the ruling all possible presumptive support, very like that the trial court owes to the jury verdict. *Grow* v. *Wolcott, supra,* 123 Vt. at 494.

In *Grow* v. *Wolcott, supra,* at 495, we said that, although the ultimate ruling on a motion to set aside a verdict and grant a new trial is a discretionary one, there is a threshold test which must be satisfied as a matter of law:

At the least, when a verdict in favor of a defendant not having the burden of proof is set aside, there must be evidence in the case sufficient to satisfy the burden of proof, if viewed in the light most favorable to the plaintiff.

■ We now return to the factual situation presented to the jury. Admittedly, the defendant shot the plaintiff. But the contention of the defendant was that the force used was necessary to protect himself and his family from assault from a trespasser in his house. Presented to the jury was the question of whether the plaintiff was a social guest or a trespasser in the house of the defendant. On this point the evidence was conflicting and a proper question for the determination of the jury. However, we believe it was immaterial to the real question presented.

The basic question for the jury was whether there was justification for the force used by the defendant in his defense of his wife or property. The trial court instructed the jury on that question as hereinafter stated:

> There is no harsh, fast and unbending rule. It is such force as is reasonably necessary under the circumstances as they then and there reasonably appeared to the defendant. The defendant has the right to beat his wife's assailant if he reasonably believed she was in danger of bodily harm, but only to such extent as to make him desist. Defendant, however would not be justified in inflicting great bodily harm, or take the life of his wife's assailant unless he reasonably apprehended death or great bodily harm to his wife; and then he may not do so if he has any other means of avoiding the assault and battery which appeared to him at the time as sufficient and available, and which in fact were sufficient and available.

No objections to the charge as given have been briefed.

The trial court correctly charged that in both defenses, either that the defendant was justified in the assault committed by reason of his apprehension of danger to his wife and family, or in the event that the jury found that the plaintiff was a trespasser, the burden of proof was upon the defendant. His burden was to establish that the amount of force used against the plaintiff was such as reasonably appeared to him to be necessary under all the circumstances then and there existing. In reviewing the evidence in a light most favorable to the verdict for the defendant, the defendant's testimony during direct examination regarding his reasons for shooting the plaintiff should be examined:

> Question. Can you tell us for what reason you fired the shot into Mr. McKenna at that point?
> Answer. Well, it would be a combination of a number of things. I would think, anger, frustration, of course I did not know what he had done to my wife. Physically he was a menace. He presented a danger to us and our child.

The undisputed evidence was that, at the time of the shooting, the plaintiff was being marched out of the defendant's

house, with the defendant armed and behind him. Nothing in the record before us discloses that at the time of the shooting the plaintiff was assaulting, attempting to assault, or threatening the defendant or members of his family. The altercation between the plaintiff and Mrs. May had taken place sometime previously. In fact the testimony of the defendant as to the plaintiff's position at the time of the shooting was as follows: "I believe Mr. McKenna moved. He was relatively close to the door, and I think he did get the impression it was dangerous to be in my kitchen with a man pointing a gun at him, and I think he decided to exit."

Such evidentiary examination can leave no doubt that there was evidence in the case sufficient to satisfy the burden of proof, if viewed in the light most favorable to the plaintiff, that defendant was liable as charged. Taken in a light most favorable to the defendant, there is nothing in the evidence to indicate that the defendant could have reasonably apprehended death or great bodily injury to his wife, or himself, at the time he shot the plaintiff. By the defendant's own testimony, the fact that the plaintiff was exiting before he shot him indicates strongly that he could have accomplished his intent to evict the plaintiff and avoided the assault and battery. No justification for the force used was disclosed by the evidence of the defendant, and the burden was the defendant's.

■ The trial court properly exercised its discretion in setting aside the verdict as being against the weight of the evidence. It is apparent that the jury did not follow the court's charge that the defendant did not have the right to use the force which he exercised, unless he reasonably apprehended death or serious injury to his wife or family.

The defendant has suggested that this Court abandon the rule laid down in *Grow* v. *Wolcott, supra,* on the basis of the dissent written by the late Chief Justice. The principal objection by Chief Justice Hulburd to the doctrine of *Grow* v. *Wolcott* was stated as, "Where each side of an issue is fairly supported by the evidence, as was true in this case, the trial court ought not to usurp the prime function of the jury as the trier of the facts." *Id.,* at 497–98.

. If we were inclined to modify the *Grow* v. *Wolcott* doctrine, which we are not, it could not be done on the facts of this case. For on the issue of whether the defendant used reasonable force in ejecting the plaintiff from his home, the evidence only fairly supports the conclusion that more than necessary force was used.

In answering the questions presented by this appeal, we find that the trial court did not abuse its discretion in granting a new trial based on the weight of the evidence, as well as on the ground that the jury did not follow the instructions of the court.

*The order for a new trial is affirmed and the cause is remanded.*