## Robert W. Gregory v. Vermont Traveler, Inc. and Clayton E. Russell

[435 A.2d 955]

No. 370-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*McCarty & Rifkin, P.C.,* Brattleboro, for Plaintiff.

*Fitts, Olson, Carnahan, Anderson & Bump,* Brattleboro, for Defendant.

**Hill, J.** Plaintiff was hired by Vermont Traveler, co-defendant in this action, to serve as general manager for its business, selling recreational trailers, vehicles and motor homes in the Brattleboro area. All discussions regarding terms of employment were oral. Parties agreed, however, that plaintiff was to receive a regular working salary and fringe benefits, plus incentive compensation based upon the success of sales. Plaintiff contends that such incentive compensation was to be based on gross sales. Defendant claims that the incentive compen-

sation was to be a discretionary amount decided by defendant annually based upon the net profit of the business.

Defendant's business ran on a fiscal year from 1 November to 31 October. Plaintiff commenced work in March, 1976. Gross sales for the fiscal year preceding plaintiff's arrival were $86,000.00. For the fiscal year ending in October, 1976, of which plaintiff worked six months, gross sales reached $636,000. For those eight months, plaintiff was paid $22,000.00. For the next fiscal year, gross sales reached $866,000.00, and plaintiff was paid $16,600.00, $1,000.00 of which was a bonus. Plaintiff only worked six months the next fiscal year before quitting. Gross sales had reached $1,209,000.00, and plaintiff received $8,400.00.

During the last year and one-half of plaintiff's employment, defendant had for the first time placed various family members on payroll as officers of the business. In 1975, there were no similar salaries; salaries for fiscal year 1978 exceeded $36,000.00. Net profit showed a decrease despite the increase in gross sales.

Plaintiff brought this action against Vermont Traveler, Inc., and Clayton E. Russell, owner of the business, in January, 1979, alleging he was entitled to bonus compensation for the period commencing November 1, 1976, through the date his employment terminated based on defendant's business' gross sales, or, in the alternative, to a reasonable compensation for the term of his employment. The trial judge dismissed the action against defendant Russell, and that decision is not challenged. Defendant Vermont Traveler, Inc. answered and counterclaimed. The counterclaim is not part of this appeal.

The court charged, without objection, that if the jury concluded both parties clearly knew and understood the way the compensation was fixed that it was to decide whether all of the agreed compensation was paid. If no such agreement was found, then plaintiff was entitled to a reasonable compensation for services actually rendered, which would be compared to the amount he in fact received. The jury returned a verdict against defendant in the amount of $22,343.00. Defendant timely moved for a new trial under V.R.C.P. 59 on the ground that damages awarded were excessive. Upon the refusal of

the court to order a remittitur and the denial of the motion for a new trial, defendant appeals. We affirm.

Granting a motion for a new trial is within the discretion of the trial court, and the evidence must be considered in the light most favorable to the verdict. *McKenna* v. *May,* 134 Vt. 145, 148, 353 A.2d 359 (1976). "Only after the evidence is so viewed, and the verdict is shown to be clearly wrong and unjust because the jury disregarded the reasonable and substantial evidence, or found against it, because of passion, prejudice, or some misconception of the matter, can the court exercise its discretion to set aside the verdict." *Id.* This Court, on appeal, is bound to accord to the ruling all possible presumptive support, similar to the support the trial court owes to a jury verdict.

Plaintiff started his employment in March, 1976, and from that date until October 31, 1976, was paid $20,000.00. That amount represents 3.241 per cent of the gross sales for the period. The jury may have believed that the incentive compensation was to be based on a proportion of the total gross sales for the fiscal year. Consequently, using the same 3.241 per cent figure, the amount due plaintiff for the period November 1, 1977, through March 16, 1978, could be computed as follows:

| | |
|---|---|
| Gross sales | $1,209,000.00 |
| Factor | .03241 |
| For year | 39,183.00 |
| Per month | 3,265.00 |
| For 4.5 months | 14,693.00 |
| Received | 6,000.00 |
| Amount due | 8,693.00 |

This amount added to the $11,500.00 which the jury may have found was owed for the preceding year, using similar computations, would equal $20,193.00 as total compensation still owed. Given the 8.5% interest on that amount over eighteen months, we cannot say that the damages are excessive.

*Judgment affirmed.*