### Theresa M. Davis v. Raymond P. Manning, Jr.

[465 A.2d 1352]

No. 82-281

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 6, 1983

*Bloomer and Bloomer*, Rutland, for Plaintiff-Appellee.

*Kiel & Boylan*, Springfield, for Defendant-Appellant.

**Hill, J.** Plaintiff instituted this action against defendant to recover damages for injuries allegedly received in a car accident. Due to the unavailability of an assistant judge, the case was tried before a jury with a court consisting of one presiding judge and one assistant judge. 4 V.S.A. § 111(a). After

trial, the jury returned a verdict for defendant, and the court accordingly entered judgment on the verdict. Thereafter, plaintiff filed a timely motion for new trial, V.R.C.P. 59, claiming that the evidence was insufficient to support the verdict.

In ruling on the motion, however, the court issued a split decision: the presiding judge held that a new trial was warranted, but the assistant judge concluded that the verdict should stand. The same result was reached after a hearing on defendant's motion to clarify. In view of the confusion, the presiding judge, with the permission of the parties, agreed to report the action to this Court pursuant to V.R.A.P. 5(a), and all further proceedings were stayed pending this decision. In its order of report, the presiding judge certified the following question for our determination:

> What is the effect, in a case tried before the jury, the presiding judge and one assistant judge, of conflicting opinions entered by the two judges on the plaintiff's motion to set aside the jury's verdict and grant a new trial; the presiding judge ruling in favor of the plaintiff and the assistant judge ruling for the defendant?

Before reaching the parties' arguments, we note for purposes of background that V.R.C.P. 59(a) provides in part that "[t]he court before which an action has been tried may on motion grant a new trial to all or any of the parties . . . ." V.R.C.P. 83(1) defines the word "court" as a majority of the judges of a superior court, except in those cases involving equity or in which a superior judge is authorized by law to act alone. The precise statutory composition of the court is set forth in 4 V.S.A. § 111(a):

> A superior court shall be held in each county at the times and places appointed by law, consisting of one presiding judge and the two assistant judges, if available. If two assistant judges are not available, court shall be held, consisting of one presiding judge and one assistant judge, if available.

In her brief, plaintiff first asserts that the presiding judge's order to grant a new trial should be upheld, since the motion presented a question of law solely for the presiding judge's

consideration. For support, she cites *State* v. *Dunkerley*, 134 Vt. 523, 365 A.2d 131 (1976), in which this Court held that assistant judges were prohibited from participating in legal questions arising in criminal cases. *Id.* at 526, 365 A.2d at 133.

■■ Notwithstanding plaintiff's attempt to characterize her motion as presenting solely a legal question, the presiding judge viewed the motion as involving a mixed question of fact and law. Indeed, plaintiff based her motion on an allegation of insufficient evidence, and the presiding judge granted the motion, as a matter of discretion, on the ground that the verdict was contrary to the evidence. See *Cote* v. *Boise*, 111 Vt. 343, 347-48, 16 A.2d 175, 177 (1940) (a motion to set aside a verdict as being contrary to the evidence is addressed to the court's discretion). Hence, the *Dunkerley* decision is inapposite to the facts of this case, and the participation of the assistant judge in the resolution of plaintiff's motion was proper.

Plaintiff next contends that in cases involving split decisions, such as this, the plain language of 4 V.S.A. § 111(a) mandates that a mistrial be declared. That provision states in pertinent part as follows: "In the event that court is held by one presiding judge and one assistant judge, and they do not agree on a decision, a mistrial shall be declared." In response to plaintiff's contention, defendant insists that the statutory provisions of § 111(a) should be interpreted as applying only to nonjury trials. He then analogizes the split decision here to a split decision of an appellate tribunal, and claims that since a majority of the trial court failed to agree that a new trial should be granted, the motion should be denied. We disagree.

■■■ In cases involving statutory interpretation, the primary objective is to give effect to the intent of the legislature, *Wetterau, Inc.* v. *Department of Taxes*, 141 Vt. 324, 327, 449 A.2d 896, 897 (1982). "Where language in a statute is plain, the intent is to be ascertained from the act itself." *LaBombard* v. *Peck Lumber Co.*, 141 Vt. 619, 624, 451 A.2d 1093, 1096 (1982); *Lomberg* v. *Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980). Our review of 4 V.S.A. § 111(a) reveals nothing in the statutory scheme which would limit its mistrial provision to nonjury cases. The statute sets forth the permissible

variations in the composition of a superior court, and clearly provides that in those rare instances when a court consisting of one presiding and one assistant judge is unable to reach a decision, a mistrial shall be declared. To adopt defendant's interpretation would require us to read a limitation into the statute which simply is not there.

In the instant case, both judges failed to reach an agreement on plaintiff's motion for a new trial. Accordingly, a mistrial must be declared.

*The answer to the certified question submitted is that a mistrial must be declared.*

**Peck, J.,** concurring. For all practical purposes there is no distinction between the mistrial ordered here and the new trial favored by the presiding superior judge. There is, therefore, no meaningful basis for a dissent in this matter. Accordingly, I concur in the result.

Regardless of the above, however, I believe a ruling on the sufficiency of the evidence to support a verdict is one of law alone; it is not, in my judgment, a mixed question of law and fact. All the evidence was in. Both the presiding judge and the assistant judge formed their respective opinions based on identical evidence; there are no questions of fact outstanding at this point. The sole question to be resolved on the motion following the verdict was whether that evidence, which I reiterate, was the same for the consideration of *both judges,* was sufficient. Given that fact, I return to my original premise that the ruling to be made called for the resolution of an unmixed question of law.

In my view we cannot go on forever avoiding the question raised here, unpleasant as it may be to face it. That question involves the authority of assistant judges to rule on questions of law in civil cases. Here, I believe we are once again evading an issue that is before us clearly, and must, inevitably be faced some day by this Court. In my judgment it could, and should be resolved, one way or the other, through the medium of this case. See, e.g., *State* v. *Dunkerley,* 134 Vt. 523, 526–27, 365 A.2d 131, 133 (1976) (Billings, J., concurring).