**Clyde Prouty and Clara Prouty v. Manchester Motors, Inc.**

[470 A.2d 1152]

No. 397-81

Present: **Hill, Underwood and Peck, JJ., Barney, C.J. (Ret.) and Larrow, J. (Ret.), Specially Assigned**

Opinion Filed September 27, 1983

Appellee's Motion for Reargument Is Denied Being Untimely Filed Under V.R.A.P. 40, October 26, 1983

*Jeremy Dworkin* and *Michael Rubin,* Law Offices of *Jeremy Dworkin,* South Londonderry, for Plaintiffs-Appellees.

*Frank H. Zetelski* of *Dick, Hackel & Hull,* Rutland, for Defendant-Appellant Manchester Motors.

**Underwood, J.** Plaintiff Clara Prouty lost control of the car she was driving and then struck a median strip and flipped over. She claimed that the cause of the accident was a collapse of the car's lower right front support arm assembly which prevented her from turning the steering wheel as she approached and entered a curve in the highway.

The suit against defendant, the vendor of the automobile, sounded in negligence, express warranty, implied warranty, strict products liability, and consumer fraud. 9 V.S.A. § 2453 and 9 V.S.A. § 2461. Plaintiffs sought both compensatory and punitive damages.

The trial court on May 20, 1981, at 1:30 p.m. submitted the case to the jury on written interrogatories[1] along with its charge. The interrogatories posed to the jury and its answers to same were as follows:

1. Do you find that the defendant was negligent and that this negligence was a proximate cause of the accident?

     Answer: __12__ (yes)   __0__ (no)

     (If your answer is "No", skip to Question 5)

2. Do you find that the plaintiff was negligent and that this negligence was a proximate cause of the alleged accident?

     Answer: __12__ (yes)   __0__ (no)

3. What percentage of the total negligence that proximately caused the accident do you attribute to:

     A. Plaintiff __37.75__ percent ⎫ must total 100
     B. Defendant __62.25__ percent ⎬ percent

---

[1] We encourage the trial court's use of jury interrogatories in cases with multiple and overlapping theories of recovery such as this. We note, however, that interrogatory number nine as posed by the court in this case could very easily mislead the jury. Trial courts should use extreme care in drafting interrogatories to ensure that a jury can readily follow them and thereby reach a verdict consistent with its findings.

4. Do you find that the plaintiff assumed the risk of the injuries which were sustained by her?

Answer: 12 (yes)    0 (no)

5. Do you find that the defendant was guilty of a breach of an express warranty that was a proximate cause of the plaintiff's accident?

Answer: 12 (yes)    0 (no)

6. Do you find that the defendant was guilty of a breach of an implied warranty that was a proximate cause of the accident?

Answer: 0 (yes)    12 (no)

7. Answer this question if (1) your answers to 3B is 50 percent or more and your answer to 4 is "No", or (2) if your answer to either 5 or 6 is "Yes"; otherwise, you do not need to answer any further questions, and your foreman should sign the general verdict for the defendant.

What is the total amount of damages sustained by the plaintiffs?

| Clara Prouty | $135,000 |
| Clyde Prouty | $ 15,000 |
| Total | $150,000 |

(Damage to the automobile in the stipulated amount of $4,200 should be included in the dollar amount found for Clara Prouty.)

8. Take the percentage of your answers to 3B (defendant's percentage) above, and write in here a figure equal to the total damage to the plaintiffs that you found in your answer to 7 above, multiplied by the percentage in 3B.

$$\frac{62.25\%}{(3B\%)} \times \frac{\$150,000}{(\text{Total Damages})} = \frac{\$ 93,375}{}$$

9. The foreman should write in here and in the general verdict for the plaintiffs the larger of the amounts set forth in 7 and 8, and then sign the general verdict. (If the amounts are identical, insert that amount.)

$150,000

10. Do you find that defendant's acts were wanton and reckless and that the plaintiffs are entitled to punitive damages?

Answer:  0  (yes)   12  (no)

11. If your answer to 10 is "Yes", enter here and in the plaintiffs' verdict the dollar amount of punitive damages to which you find the plaintiffs are entitled. If your answer to 10 is "No", enter "$0.00".

$0.00

s/ Susan Carroll Grey

Foreman

At 10:30 p.m. the jury tendered its answers and simultaneously rendered a general verdict for the plaintiffs for $150,000 compensatory damages and $0.00 punitive damages.

Neither counsel for the plaintiffs or the defendant, nor the court itself, was then aware of inconsistencies among some of the answers to the interrogatories or of inconsistencies between some of the answers and the verdict.

The record is not clear on this next point, but either before the jury was discharged or shortly thereafter, on the same evening, the full court signed the judgment on the verdict for the plaintiffs for $150,000 plus costs.[2]

On June 1, 1981, the defendant filed two motions: (1) motion to strike the judgment in favor of the plaintiffs and enter a judgment in favor of the defendant, or in the alternative for a new trial; and (2) motion for judgment notwithstanding the verdict, or in the alternative for a new trial.

On July 24, 1981, the two assistant judges denied defendant's motions but indicated that they would grant defendant a new trial if the plaintiffs refused to agree to a remittitur of $56,625, as they viewed the verdict of $150,000 excessive. The presiding judge dissented indicating that he would grant the defendant a new trial under V.R.C.P. 49 (b) because:

In its answers to Interrogatories 4 and 5, the jury found both assumption of the risk on the part of the Plaintiffs (Interrogatory 4) and liability on the part of the Defend-

---

[2] The judgment is dated May 20, 1981, and is signed by the presiding judge and the two assistant judges. The filing date on the face of the judgment is May 27, 1981.

ant by virtue of giving an express warranty (Interrogatory 5). When considered in connection with the Court's charge on the issues of assumption of the risk and express warranty, the answers are inconsistent with each other. Likewise the answer to Interrogatory 4 is inconsistent with the general verdict in favor of the plaintiffs. Accordingly under V.R.C.P. 49 (b), there appears to be no alternative but to order a new trial.

On July 31, 1981, plaintiffs filed notice of their willingness to remit $56,625. Notwithstanding, on August 21, 1981, defendant filed a timely appeal from both the final judgment and the denial of its two post-judgment motions.

The defendant raises six claims of error on appeal, but the sole dispositive issue is whether the full trial court erred in entering a judgment on the verdict for the plaintiffs for $150,000, and thereafter refusing to grant the defendant's motion for a new trial, when the answers to the interrogatories were patently inconsistent with each other and with the general verdict. We note in passing that the defendant raised the issue of whether assistant judges may overrule the presiding judge on an issue which it claims is solely a question of law. Although the issue in this case is one of law, the error was committed by the *full court* when it wrongfully entered judgment on the verdict, and then, as a matter of law, it compounded that error when the *full court* refused to grant the defendant's motion for a new trial.

Both parties argue vehemently that V.R.C.P. 49 (b) controls, but for divergent reasons. Plaintiffs insist that by reason of the defendant's failure to move the court to resubmit the answers and verdict to the jury for its further deliberations defendant waived any objection it might have to the verdict on the grounds of inconsistency. Plaintiffs cite *Cundiff* v. *Washburn*, 393 F.2d 505 (7th Cir. 1968), as full support for their interpretation of the rule.

Relying upon V.R.C.P. 49 (b), defendant contends that once the jury was discharged the trial court's only option, upon learning of the inconsistencies noted above, was to order a new trial.

We agree with the parties that V.R.C.P. 49 (b) controls and reverse and remand for a new trial.

V.R.C.P. 49(b) provides:

> The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. *When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial.* (Emphasis supplied.)

It is apparent that neither counsel for the plaintiffs nor the defendant was aware of any inconsistencies in time to notify the court to resubmit the answers and verdict to the jury for further deliberation. Presumably everyone was tired. The trial had lasted thirteen days with twenty witnesses testifying. The jury had deliberated nine hours. The hour was late, 10:30 p.m., when the jury finally submitted its answers and rendered its verdict. Seven minutes later the court discharged the jury.

> Rule 49(b) is explicit on the options available to the trial judge when the responses to the interrogatories are inconsistent with each other and one or more is inconsistent with the general verdict. The trial judge is permitted only to return the jury for further consideration of its answers and verdict, or to order a new trial. Rule 49(b) gives the trial judge no authority to enter judgment for *any* party in this situation.

*Bahamas Agricultural Industries, Ltd.* v. *Riley Stoker Corp.,* 526 F.2d 1174, 1183 (6th Cir. 1975). See generally 9 C. Wright & A. Miller, Federal Practice and Procedure § 2513 (1971 & Supp. 1982) ; 5A Moore's Federal Practice ¶ 49.04, at 49-39–49-45 (1982) ; *Nordmann* v. *National Hotel Co.,* 425 F.2d 1103, 1106 (5th Cir. 1970).

When the trial court, without resubmitting the answers and verdict, accepted them and proceeded erroneously forthwith to enter judgment on the verdict and discharge the jury, it was left with only one option under V.R.C.P. 49(b) when defendant moved for a new trial, and that was to grant it. Its denial of defendant's motion for a new trial constituted reversible error.

Plaintiffs' reliance on *Cundiff* v. *Washburn, supra,* is of no avail. In that case there was an inconsistency only between one answer to one interrogatory and the verdict. The answers were not inconsistent with each other. The court on its own initiative caught it and asked counsel if they desired to have the judge explain it to the jury and then to return them to the jury room for further deliberation. The appellant's attorneys conferred and answered in the negative. The judge thereupon reconciled the general verdict with the special findings and entered judgment on the verdict as he was empowered to do in such instance under V.R.C.P. 49(b).

We think that V.R.C.P. 49(b) is basically a directive to the trial court designed to correct a multitude of situations in which an inconsistency may exist in the jury's answers and verdict. It covers situations coming to the court's knowledge before, as well as after, the jury has been discharged.

The provisions of V.R.C.P. 49(b) respecting the answers to interrogatories cover three contingencies: (1) where the answers and verdict are harmonious; (2) where the answers are consistent with each other, but one or more of them is inconsistent with the general verdict; and (3) where the answers are inconsistent with each other and one or more is inconsistent with the general verdict. In the latter provision the trial court has discretion either to resubmit the answers and general verdict to the jury or to grant a new trial, but it is specifically prohibited under the rule from entering judgment on the verdict.

This case clearly falls within the third provision of V.R.C.P. 49(b). The answers are patently inconsistent with each other. Answers to interrogatories Nos. 1, 2 and 3 reflect that the jury found plaintiff to be negligent, defendant to be negligent, and the percent of negligence attributable to each. The answer to interrogatory No. 4 paradoxically finds that plaintiff assumed the risk of her injuries. Our review of the record reveals that the trial court instructed the jury that assumption of the risk was a defense which should be considered only in connection with the negligence claim. Therefore, the interrogatories as drafted and the answers to them create the anomalous situation of the plaintiff having assumed the risk but with the defendant still partially negligent. The answer to interrogatory No. 5 indicates that the jury found defendant guilty of a breach of an express warranty proximately causing plaintiffs' accident.

The answer to interrogatory No. 8, in which the jury apportions plaintiffs' damages under the doctrine of comparative negligence, is clearly inconsistent with interrogatory No. 4 which finds plaintiff Clara Prouty assumed the risk of her injuries, and is clearly inconsistent with the answer to interrogatory No. 5 which finds the defendant guilty of breach of an express warranty which proximately caused the accident.

We next note that the jury's answer to interrogatory No. 8, finding that plaintiffs under the doctrine of comparative negligence sustained damages of $93,375, is patently inconsistent with its general verdict for the plaintiffs of $150,000.

Thus the full court erred when it signed the judgment on the verdict for $150,000, whether it did so just before or just after discharging the jury. V.R.C.P. 49(b).

*Judgment reversed. Cause remanded for a new trial.*

**Peck, J.,** concurring. In the recent case of *Davis* v. *Manning*, 143 Vt. 311, 465 A.2d 1352 (1983), I filed a concurring opinion expressing concern with the Court's failure to address the issue of the right of assistant judges to overrule the presiding judge on questions of law.

The issue is before us once more in the instant case; the opinion acknowledges that the question below was one of law. Once again, however, we have based our decision on other

grounds. I concur with the result, and I agree further that the Court is not obligated to reach its conclusion on a different basis, however desirable it might be to do so, if it is not necessary. Nevertheless, the "side judge" issue is a recurrent one; it must be addressed some day. With the issue raised once more in this case, I am disappointed that we have elected again not to get this troublesome question behind us. I would prefer to have done so.

**Larrow, J.,** concurring in result. I am unable to perceive any inconsistency whatever between the several answers to interrogatories as returned by the jury. The confusion arises from the questions themselves, which do not suitably reflect assumption of risk as a bar to liability based upon an express warranty, although the written charge, furnished to them, apparently did so.

In my view, the case falls within the second classification of V.R.C.P. 49, i.e., answers consistent with each other but with one or more inconsistent with the general verdict. This leaves open the alternative of entering a defendant's judgment, not available where the answers are inconsistent with each other and with the verdict, the third classification. The arguments for such a solution are indeed cogent, and only the general aura of confusion engendered by the faulty nature of the interrogatories leads me to concur in the result reached by the majority. The questions propounded did not accurately reflect the charge, and the discrepant result is the fruit of this inaccuracy. I am persuaded, albeit with some reservations, that substantial justice is better served by a new trial. V.R.C.P. 1.

I am, however, ill at ease about the failure to treat claims of error raised and briefed which are liable to recur upon retrial.