## David A. CLEMENT v. WOODSTOCK RESORT CORP.

[687 A.2d 886]

No. 95-375

October 10, 1996. Defendant Woodstock Resort Corporation appeals a jury verdict awarding plaintiff David A. Clement damages for wrongful discharge. Defendant contends that (1) the court's instructions erroneously substituted its judgment for that of the jury's on whether defendant's employee handbook and policy manual created an employment contract obligating defendant to follow progressive disciplinary steps and to fire plaintiff only for cause; (2) there was insufficient evidence to support the jury's verdict; and (3) there was insufficient evidence to support the damage award. We affirm.

Plaintiff worked for defendant as a groundskeeper and mechanic for several summers before being hired as a custodian on a full-time basis. After one year on the job, plaintiff was suspended and discharged for "insubordination" stemming from a critical and profane note he allegedly sent his supervisor. Plaintiff testified that he wrote the note to himself to ventilate his frustrations and did not intend that it be read by anyone else. Defendant claimed at trial that other misconduct also played a role in plaintiff's firing, including allegations that he improperly examined confidential papers on his supervisor's desk and sexually harassed a co-worker. Although the co-worker corroborated the allegation at trial, no complaint, investigation, or warning ever issued in connection with these additional allegations of misconduct.

_____

Plaintiff argued at trial that his discharge violated an implied agreement or promise by defendant to terminate only for cause and to follow a progressive disciplinary procedure (verbal warning, written warning, suspension, hearing, termination) based upon its employee handbook and policy manual. See *Taylor v. National Life Ins. Co.*, 161 Vt. 457, 464, 652 A.2d 466, 471 (1993) (personnel policy manuals inconsistent with at-will relationship may serve as evidence of contract requiring progressive discipline and good cause for termination). Defendant countered that plaintiff was an employee at-will and denied that the manual suggested otherwise, noting it contained an express disclaimer of intent to create an employment contract.

The court instructed the jury on several theories of liability, including implied contract, promissory estoppel, and termination in violation of public policy. The jury returned a general verdict in favor of plaintiff and awarded him $58,024. The trial court denied defendant's subsequent motions for judgment notwithstanding the verdict, remittitur, or, in the alternative, a new trial. This appeal followed.

Defendant first contends the trial court erroneously responded to a jury question concerning the breach of contract claim. During deliberations, the court received the following question from the jury: "What is the specific question(s) that we need to answer in coming to our decision . . . regarding which party prevails, i.e., was there a contract or implied contract? If so, was it breached, etc." After discussing with counsel various possible responses, the court — with counsel's approval — reread its original instructions on breach of contract. Defendant now objects to the following specific language in the charge: "but whether defendant could terminate [plaintiff's] employment at any time for any reason depends on how you decide the terms of his contract, how the terms of the contract were mod-

ified." Defendant asserts that the instruction erroneously informed the jury that the contract had, in fact, been modified, rather than leaving that issue for the jury's determination. See *Farnum v. Brattleboro Retreat, Inc.*, 164 Vt. 488, 494, 671 A.2d 1249, 1254 (1995) (whether conflicting provisions of employee manual create an implied contract is a jury question); *Logan v. Bennington College Corp.*, 72 F.3d 1017, 1022 (2d Cir. 1995) ("Under Vermont law, disputes concerning the agreed-upon terms and conditions of an employment contract are an issue of fact for the jury to decide.").

Defendant did not object, however, to the giving of the original instruction, and expressly concurred in the decision to reread the instruction in response to the jury question.* Thus, defendant has waived any claim of error on appeal. V.R.C.P. 51(b) ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."); *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 137, 636 A.2d 744, 750 (1993); *Ainsworth v. Franklin County Cheese Corp.*, 156 Vt. 325, 332-33, 592 A.2d 871, 875 (1991). Furthermore, the instructions read as a whole clearly informed the jury of its responsibility to determine whether the at-will employment relationship had been modified. *Winey*, 161 Vt. at 143, 636 A.2d at 753 ("In reviewing jury instructions, we look at them as a whole, not piecemeal."). The claim of error is thus without merit.

Assuming the jury determined that the employer's handbook and policy manual modified the at-will employment relationship, defendant next contends the evidence established just cause under the contract to dismiss plaintiff immediately rather than follow the progressive disciplinary procedures set forth in the policy manual. Defendant's argument, in essence, is that no credible evidence supported the jury's verdict and that its motion for judgment notwithstanding the verdict should have been granted. Whether plaintiff's conduct justified his immediate suspension and termination was the heart of the dispute at trial, and the evidence was sharply in conflict. Plaintiff denied that he read confidential documents on his supervisor's desk, denied that he had sexually harassed a co-worker, and claimed that the note that precipitated his dismissal was written to himself while he was under enormous stress and was never intended to be read by anyone else. Several witnesses testified that plaintiff was a good worker and that any problems on the job stemmed from overconscientiousness compounded by a learning disability, which hindered his ability to process verbal instructions. The jury could thus reasonably have determined that plaintiff's misconduct did not justify immediate termination and that he should have been given further verbal and written warnings. Accordingly, the verdict must be upheld. See *Claude G. Dern Elec., Inc. v. Bernstein*, 144 Vt. 423, 426, 479 A.2d 136, 138 (1984) ("if the verdict is justified by 'any reasonable view of the evidence, it must stand.'"); *Farnum*, 164 Vt. at 497, 671 A.2d at 1256 ("if any evidence fairly or reasonably supports nonmoving party's claim, judgment notwithstanding verdict would be improper").

Finally, defendant contends the award of damages was unsupported by the evidence and that, consequently, the court erred by denying its motion for remittitur and a new trial on the issue of damages. The measure of damages for wrongful termination of an employment contract is

---

* Indeed, the record discloses that the trial court specifically tailored the breach of contract instruction to accommodate defendant's expressed concern that it preserve the issue for the jury.

the amount the plaintiff would have earned absent the breach, less what he actually earned or could have earned by the exercise of reasonable diligence. *Benoir v. Ethan Allen, Inc.*, 147 Vt. 268, 272, 514 A.2d 716, 719 (1986). In *Jackson v. Rogers*, 120 Vt. 138, 150, 134 A.2d 620, 627 (1957), we reaffirmed the long-standing rule to be applied in reviewing jury awards in circumstances such as those presented here:

> If the verdict can be justified upon any reasonable view of the evidence, it must stand. To warrant interference where there is no standard of damages disclosed by a contract, or otherwise ascertainable by exact evidence of pecuniary loss, the amount must be clearly shown to have been grossly insufficient or excessive and the fact that the verdict has received the express approval of the trial court inclines us strongly in its favor.

See also *Winey*, 161 Vt. at 144, 636 A.2d at 753; *In re Estate of Boisvert*, 135 Vt. 69, 73-74, 370 A.2d 209, 212 (1977).

Plaintiff gave his own estimate at trial of his hourly wages and average work week and the value of his employment benefits and tips. Although there was some evidence that the number of hours worked per week varied, the average of forty hours was supported by the evidence. Defendant's president confirmed the hourly wage rate for custodians in plaintiff's position. Plaintiff also testified about his efforts to secure subsequent employment. The total lost wages and compensation over the four-year period between his termination and trial exceeded $71,000. The evidence was thus sufficient for the jury to "estimate the amount [of damages] within reasonable limits" and "with reasonable certainty." *Benoir*, 147 Vt. at 272, 514 A.2d at 719. We find no basis to reverse the jury's verdict and no error in the trial court's denial of the motion for remittitur and new trial.

*Affirmed.*