2006 VT 57

**Barbara JOHNSON v. UNITED PARCEL SERVICE and Robert Clark**

[904 A.2d 1089]

No. 05-047

¶ 1. June 8, 2006. Defendant United Parcel Service appeals from the superior court's denial of its motion for correction of the jury verdict or for a new trial, filed pursuant to Vermont Rule of Civil Procedure 59. Defendant claims the court was compelled by Rule 49(b) to recognize an inconsistency between the jury's answers to interrogatories and the general verdict. We find no patent inconsistency in the verdict, and conclude that the court did not abuse its direction in denying defendant's motion. We affirm.

¶ 2. The underlying case was a personal injury action. The jury found that defendant was liable, but that plaintiff, Barbara Johnson, was forty percent comparatively negligent. The verdict form set forth specific questions as to each party's negligence. The form then asked the jury to calculate past and future damages, with separate lines to specify each element of damage. The final blank on the form was marked "Total," and required the jury to add the specific amounts of damages. Neither party objected to the final version of the form.

¶ 3. The court instructed the jury that two reductions to damages should be applied, although not reflected on the verdict form. The court told the jurors that it was their obligation to reduce any award for future damages to its present worth. Plaintiff's counsel had addressed the issue of net present value in closing and suggested various ways in which the future medical damages could be reduced, but the court instructed the jurors that determining an appropriate discount

rate was their decision. The court also instructed the jury, "If you find Plaintiff Johnson to have been contributorily negligent, and that such negligence did not exceed 50 percent, and you find damages to have been proved, then you will reduce any damage award by the percentage of negligence you have attributed to Plaintiff Johnson." Defendant did not object to the charge with respect to the instructions to reduce the damages if awarded.

¶ 4. The jury found total damages in the amount of $156,391, which was the sum of $8,600 for lost wages, $107,791 for past and future medical expenses, $20,000 for pain and suffering, and $20,000 for physical impairment. Neither party wished to poll the jury, and it was discharged. In entering judgment on the verdict, however, the court reduced the total damages by the degree of comparative negligence assessed to plaintiff, forty percent, and entered judgment in the amount of $93,834.60 plus costs.

¶ 5. Plaintiff filed a timely motion to amend the judgment, arguing that the court had instructed the jury to reduce the damages to account for any comparative negligence, and that the jury should be presumed to have followed the instruction. Defendant opposed the motion, arguing that "[t]here appears to be confusion" between the verdict form and the court's instructions. The court offered to recall the jury foreperson and ask her whether the jury had already reduced the damages by forty percent, but both parties objected to this procedure. The court granted plaintiff's motion and entered an amended judgment in the original amount of $156,391 plus costs.

¶ 6. Defendant then filed its Rule 59 motion to alter or vacate the judgment, claiming that the answers to the interrogatories were inconsistent with the final verdict under Rule 49(b). The court denied the motion, stating that it instructed the jury to reduce plaintiff's damages by the degree of her compara-

514

tive negligence, that it presumed the jury followed this instruction, and that defendant had waived the polling of the jury as to whether it followed the court's instruction.

¶ 7. Defendant concedes in its reply brief that it can no longer challenge the verdict form or the jury instructions, as those issues have been waived. See V.R.C.P. 51(b) ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."). It claims instead that the jury's answers to interrogatories on the verdict form are patently inconsistent with a verdict of $156,391 because that amount represented 100% of the total damages claimed, and thus, the jury clearly did not intend to reduce the verdict by forty percent. To support its assertion that the jury's intent was clear, defendant presents a scenario detailing the choices the jury must have made, based in part on plaintiff's counsel's suggestions to the jury during his closing argument regarding potential discount rates for reducing future damages to net present value. Defendant also argues that because one of the specified elements, lost wages, was awarded in the amount of $8,600, which was just over plaintiff's claimed lost wages of $8,580, the award must not have been reduced, and the jury must not have followed the court's instructions on that point.

¶ 8. Defendant relies on Rule 49(b), which permits the trial court to correct a verdict or order a new trial if the answers to interrogatories are consistent with each other, but one or more of them is inconsistent with the general verdict. V.R.C.P. 49(b). It cites our decision in *Prouty v. Manchester Motors, Inc.*, 143 Vt. 449, 455, 470 A.2d 1152, 1155 (1983), in which we reversed judgment on a jury verdict because the answers to the inter-

rogatories on both liability and damages were inconsistent with the total verdict, and the errors were obvious on the face of the verdict and in light of the instructions.

¶ 9. Defendant's argument under Rule 49(b) fails because there is no patent inconsistency in this verdict. See *id.* at 456, 470 A.2d at 1155 (stating that the case "clearly falls within ... V.R.C.P. 49(b)" because the jury's answers to the written interrogatories "are patently inconsistent with each other"). In fact, each of the jury's answers was consistent with the other answers, and with the general verdict. The only question is whether the verdict form was necessarily inconsistent with the court's instructions, or simply ambiguous. To identify an inherent inconsistency between the verdict and the instructions, we must conclude that the jury did not reduce plaintiff's total damages by the degree of her comparative negligence. This requires far too much speculation as to the jury's reasoning and calculations. We would first have to speculate about the discount rate the jury applied to plaintiff's future damages. We would also need to ignore the fact that two elements of plaintiff's damages — her pain and suffering and her physical impairment — do not lend themselves to precise calculation, and thus, do not support any inference regarding whether the jury reduced them by forty percent. See *Turcotte v. Estate of LaRose*, 153 Vt. 196, 200 n.2, 569 A.2d 1086, 1088 n.2 (1989) (stating that "certain damage elements of personal injury actions (for example, pain and suffering and permanent impairment) ... are inchoate and rarely ascertainable at the time of injury."). In addition, we would need to accept defendant's assertion that the jury's intent not to reduce the damages or follow instructions is clear because it awarded a single element of damages, lost wages, at almost, but not quite, 100% of plaintiff's claimed amount.

We would also need to guess at the exact amount of the jury's award for future medical damages.

¶ 10. Such speculation would not be appropriate in the context of this appeal. The decision whether to grant a motion for a new trial is within the trial court's discretion. *Hardy v. Berisha*, 144 Vt. 130, 133, 474 A.2d 93, 95 (1984). "[W]e are bound to uphold the decision where the trial court properly exercised its discretion in the matter, and where no abuse of that discretion has been shown." *Jewell v. Dyer*, 154 Vt. 486, 488, 578 A.2d 125, 127 (1990). The trial court must weigh the evidence in the light most favorable to the verdict. *Id.* In reviewing the trial court's decision, "we will view the evidence in the light most favorable to the verdict and will accord the trial court 'all possible presumptive support.'" *Lent v. Huntoon*, 143 Vt. 539, 552, 470 A.2d 1162, 1171 (1983) (quoting *Gregory v. Vermont Traveler, Inc.*, 140 Vt. 119, 121, 435 A.2d 955, 956 (1981)). Accordingly, we will sustain a jury verdict when it can be justified on any reasonable view of the evidence. *Clement v. Woodstock Resort Corp.*, 165 Vt. 627, 629, 687 A.2d 886, 888 (1996) (mem.). In doing so, we must presume that the jury has followed the trial court's instructions. *Brown v. Roadway Express, Inc.*, 169 Vt. 633, 635, 740 A.2d 352, 355 (1999) (mem.).

¶ 11. We could reasonably posit that the jury reached a total figure of damages, adjusted it to present value, reduced it by the degree of comparative negligence, and then filled in the blanks on the verdict form to reach the total. Other explanations might appear equally plausible if we were willing to speculate further, but none of them would be consistent with our standard for reviewing a denial of a motion for a new trial. Under these circumstances, we cannot agree with defendant that any inconsistency prevented the court from entering judgment upon the verdict pursuant to Rule 49(b). If there was a problem in this case, it was with the verdict form, not the verdict. Defendant failed to object to either the verdict form or the jury instructions, failed to poll the jury, and resisted the court's efforts to recall the jury foreperson and ask whether the jury had actually reduced plaintiff's damages by the degree of her comparative negligence. The verdict can be justified on a reasonable view of the evidence, and the superior court's decision to enter judgment upon it was not an abuse of discretion.

*Affirmed.*